IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED DYNAMIC INTERFACES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OUTSYSTEMS, INC.,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Dynamic Interfaces, LLC ("ADI" or "Plaintiff"), by way of Complaint against the above-named defendant ("Defendant"), alleges the following:

**NATURE OF THE ACTION**

1.　This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.　Plaintiff ADI is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

3.　Defendant OutSystems, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 5901 Peachtree Dunwoody Road NE, Building C 495, Atlanta, GA 30328.

**JURISDICTION AND VENUE**

4.　This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.　This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

1

6. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of the fact that it is incorporated in Delaware. On information and belief, Defendant is also subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District. For instance, Defendant maintains a registered agent at National Corporate Research, Ltd., 615 S. Dupont Hwy., Dover, DE 19901. In addition, Defendant operates an interactive website at www.outsystems.com where, on information and belief, at least some of the software products and services accused of infringement herein can be accessed by Delaware residents, for electronic access by and electronic transmission to such Delaware residents in Delaware. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On June 13, 2006, United States Patent No. 7,062,502 ("the '502 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relational Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '502 Patent is attached as Exhibit A to this Complaint.

10.     ADI is the assignee and owner of the right, title and interest in and to the '502 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11.     On July 15, 2008, United States Patent No. 7,401,094 ("the '094 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relations Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '094 Patent is attached as Exhibit B to this Complaint.

12.     ADI is the assignee and owner of the right, title and interest in and to the '094 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 7,062,502

13.     The allegations set forth in the foregoing paragraphs 1 through 12 are hereby realleged and incorporated herein by reference.

14.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '502 Patent by making, using, offering for sale, selling, and importing software that practices the subject matter claimed in one or more claims of the '502 Patent (the "'502 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ADI, and by performing methods that practice the subject matter claimed in one or more claims of the '502 Patent, including but not limited to claim 13, in the United States without the authority of ADI.  For example, Defendant has directly infringed the '502 Patent by making, using, and selling OutSystems Platform.  Upon information and belief, Defendant has also directly infringed

the '502 Patent by its own internal use and testing of the '502 Patent Accused Products and by providing support, consulting, and other services related to the '502 Patent Accused Products.

15. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of its infringement of the '502 Patent.

16. ADI has been harmed by Defendant's infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT No. 7,401,094

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

18. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '094 Patent by making, using, offering for sale, selling, and importing software that practices the subject matter claimed in one or more claims of the '094 Patent (the "'094 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ADI, and by performing methods that practice the subject matter claimed in one or more claims of the '094 Patent, including but not limited to claim 15, in the United States without the authority of ADI.  For example, Defendant has directly infringed the '094 Patent by making and selling OutSystems Platform.  Upon information and belief, Defendant has also directly infringed the '094 Patent by its own internal use and testing of the '094 Patent Accused Products and by providing support, consulting, and other services related to the '094 Patent Accused Products.

19. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of its infringement of the '094 Patent.

20. ADI has been harmed by Defendant's infringing activities.

**JURY DEMAND**

ADI demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, ADI respectfully requests that this Court enter judgment for ADI and against Defendant as follows:

a. An adjudication that Defendant has infringed the '502 and '094 patents;

b. An award of damages to be paid by Defendant adequate to compensate ADI for Defendant's past infringement of the '502 Patent and '094 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order requiring Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered; and

d. For such further relief at law and in equity as the Court may deem just and proper.

Dated: December 8, 2014						STAMOULIS & WEINBLATT LLC

							*/s/ Stamatios Stamoulis*
							Stamatios Stamoulis #4606
							Richard C. Weinblatt #5080
							Two Fox Point Centre
							6 Denny Road, Suite 307
							Wilmington, DE 19809
							(302) 999-1540
							stamoulis@swdelaw.com
							weinblatt@swdelaw.com

							*Attorneys for Plaintiff*
							*Advanced Dynamic Interfaces, LLC*